IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK ANTHONY SPELL, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-282-BAJ-EWD |
| | ) |
| JOHN BEL EDWARDS, ET AL., | ) |
| | ) |
| Defendants. | ) |

_____

**PLAINTIFFS' SUPPLEMENTAL BRIEFING**
_____

On September 21, 2020, this Court ordered the parties to file supplemental briefing regarding what effect, if any, Governor Edwards's Proclamation No. 117 JBE 2020 had on the Plaintiffs' amended complaint and the Defendants' motions to dismiss. (Doc. 88.) This brief addresses those issues.

**I.     Plaintiffs' Claims Are Not Moot**

In their prayer for relief, Plaintiffs sought compensatory, nominal, and punitive damages, along with equitable relief. (Doc. 58 at 46.) The Fifth Circuit has held repeatedly that claims for damages do not become moot once the condition that created the harm has been cured. *See, e.g.*, *Campbell v. Lamar Inst. of Tech.*, 842 F.3d 375, 379 (5th Cir. 2016) ("To the extent that Campbell seeks to recover compensatory damages for this past action, his claim is not moot.");

1

*Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 748 (5th Cir. 2009) ("This court and others have consistently held that a claim for nominal damages avoids mootness."). Thus, Plaintiffs are still entitled to pursue damages.

In addition, Plaintiffs' claims for equitable relief are not moot. Throughout this litigation, Defendants have argued repeatedly that Plaintiffs' claims became moot when Governor Edwards issued new proclamations that superseded the old ones. However, an exception to the mootness doctrine exists for matters that are capable of repetition but evading review. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). This exception applies when two elements are satisfied: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Plaintiffs have satisfied both elements of this test at every stage of this litigation, including now. The chart below lists the relevant proclamations, to which the Plaintiffs have been subject:

| Proclamation No. | Forbidding gatherings of: | Effective Date | Date Superseded |
|---|---|---|---|
| JBE 2020-27 | 250 or more | March 13, 2020 | March 16, 2020 |
| JBE 2020-30 | 50 or more | March 16, 2020 | March 22, 2020 |
| 33 JBE 2020 | 10 or more | March 22, 2020 | May 15, 2020 |
| 58 JBE 2020 | 25% or more | May 15, 2020 | June 5, 2020 |
| 74 JBE 2020 | 50% or more | June 5, 2020 | Sep. 11, 2020 |
| 117 JBE 2020 | 75% or more | Sep. 11, 2020 | N/A |

The average length of each order was 33 days, which is "too short in its duration to be fully litigated prior to its cessation or expiration." *Weinstein*, 423 U.S. at 149. Moreover, of the six orders listed above, none of them granted the Plaintiffs the relief they sought, which is the right to assemble fully as a church in person. Since all of the orders, including 117 JBE 2020, have denied the Plaintiffs the relief they sought, there has always been (and continues to be) "a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. There is no evidence at all suggesting that the Governor is ready to let churches meet at 100% capacity in the near future, which is the relief Plaintiffs have sought. Consequently, even though 117 JBE 2020 allows churches to assemble at 75% of their capacity, it does not moot Plaintiffs' claims for equitable relief.

Furthermore, the Seventh Circuit rejected a mootness challenge in *Elim Romanian Pentecostal Church v. Pritzker*, 962 F.3d 341 (7th Cir. 2020), under similar circumstances. In that case, a church challenged the Illinois Governor's COVID-19 orders that affected the church's right to assemble. When the trial court ruled against the church, the church appealed. Before the case could be argued before the Seventh Circuit, the governor changed his order, permitting the resumption of all religious services. The governor thus claimed that the case was moot. The Seventh Circuit disagreed, noting that the Governor had reserved the

right to reinstate the original orders if he deemed it necessary. 962 F.3d at 344-45. Because it was not "absolutely clear" that the governor would not reinstate the old orders, the Seventh Circuit held that the claim was not moot. *Id.* at 345 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

In the same way, even though Louisiana has moved to Phase 3 of reopening the State, Governor Edwards has reserved the right to reinstate his original stay-at-home order. In Proclamation No. 117 JBE 2020, Governor Edwards says,

> WHEREAS, should there be an increase in the number of confirmed COVID-19 cases, the percent positivity of testing, or should the number of COVID-19 related hospitalizations threaten the ability of the health care system to respond, it may be necessary to go back to the full restrictions in the Stay at Home Order in Proclamation Number 52 JBE 2020 ....

117 JBE 2020 at 2. This is exactly the kind of condition that caused the Seventh Circuit to reject the mootness challenge in *Elim Romanian Pentecostal Church*, and it should likewise cause this Court to reject any mootness challenge here.

## II.  No Effect on Defendants' Motions

The Court also asked the parties to discuss the effect of 117 JBE 2020 on the Defendants' motions to dismiss. (Doc. 88.) It does not appear to the Plaintiffs that the Governor's newest proclamation has any effect on their motions. As discussed in Plaintiffs' motion for leave to file an opposition to Defendants' motions to

dismiss (Doc. 87), which Plaintiffs hereby incorporate by reference under Fed. R. Civ. P. 10, the Defendants' motions to dismiss are still due to be denied.

## CONCLUSION

The issuance of Proclamation No. 117 JBE 2020 does not moot the Plaintiffs' claim for damages. It also does not moot the Plaintiffs' claims for equitable relief because (1) this matter is capable of repetition but evading review and (2) it is not clear that the voluntary cessation of Defendants' conduct will not occur again in the future. The new proclamation does not affect the Defendants' motions to dismiss, but they are still due to be denied.

Respectfully submitted this 30th day of September, 2020.

<u>/s/ Roy S. Moore</u>
Roy S. Moore, ABA #6532R53R
*Attorney for Plaintiffs*
Foundation for Moral Law
1 Dexter Ave.
Montgomery, AL 36104
334-262-1245
kayla@morallaw.org

<u>/s/Jeffrey S. Wittenbrink</u>
 Jeffrey S. Wittenbrink, LSBA # 18511
*Local Counsel, Attorney for Plaintiffs*
 *with Foundation for Moral Law*
331 St. Ferdinand Street
Baton Rouge, LA 70802
225-308-6850
jwittenbrink@thelawyerbr.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2020, I filed the foregoing through the Court's electronic filing system, which will serve a copy on counsel of record for all parties.

/s/ Roy S. Moore
Roy S. Moore, ABA #6532R53R
*Attorney for Plaintiffs*
Foundation for Moral Law
1 Dexter Ave.
Montgomery, Alabama 36104
334-262-1245
kayla@morallaw.org