UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK ANTHONY SPELL, ET AL.**  CIVIL ACTION

**VERSUS**

**JOHN BEL EDWARDS, ET AL.**  NO. 20-00282-BAJ-EWD
  *C/W* NO. 21-00423-BAJ-EWD

## RULING AND ORDER

As detailed in the Court's prior orders, these consolidated actions challenged Louisiana's statewide crowd-size limits on indoor gatherings implemented in response to the COVID-19 pandemic, on the basis that such limits restricted Plaintiffs' First Amendment right to religious assembly. One of the consolidated cases was originally filed in this Court, see Civil Action No. 20-cv-00282, and the other was removed from state court, see Civil Action No. 21-cv-00423. On January 12, 2022, the Court dismissed Plaintiffs' federal law claims with prejudice in both consolidated cases, and, after declining to exercise jurisdiction over Plaintiffs' supplemental state law claims, the Court dismissed those claims without prejudice. (Docs. 125, 126).

Now, more than two years later, Plaintiffs move for remand of the state law claims made in both lawsuits under 28 U.S.C. § 1447(c).[1] (Doc. 134-1). The Motion is opposed. (Docs. 136, 138). For the reasons that follow, the Motion will be denied.

"[A] district court does not have the authority to . . . remand or transfer a case

---

[1] Plaintiffs incorrectly base their motion on 28 U.S.C. § 1446(d), which provides for notice to all parties following removal from state court, and does not address remand following removal. (Doc. 134-1 at 1).

to state court if the matter was not initially filed in state court and subsequently removed to federal court." *Foster v. Graves*, 428 F. App'x 348, 351 (5th Cir. 2011) (collecting cases); *see Fid. and Deposit Co. of Md. v. Casablanca Constr., Inc.*, No. 5:19-cv-00062-DCB-MTP, 2020 WL 1238194, at *1 (S.D. Miss. Mar. 13, 2020) ("[A] federal court cannot remand an action to state court if the action was originally filed in federal court."). When cases are consolidated, this rule applies to the case originally filed in federal court. Consolidation traditionally "is permitted as a matter of convenience and economy in administration," "but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 548 U.S. 59, 70 (2018) (internal citations omitted). District courts may "consolidate cases for 'all purposes' in appropriate circumstances" under Rule 42(a), but "constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." *Id.* at 77.

In keeping with this principle, courts have held that when resolving consolidated cases that were filed originally in both state and federal forums, remand is only available for the case originally filed in state court. *See Payne v. Merrill Lynch, Pierce, Fenner And Smith, Inc.*, 75 F. App'x 903, 906 (4th Cir. 2003) ("To the extent that the district court remanded the Paynes' federal case to state court, that remand was in error"); *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 467–468 (6th Cir. 2002) ("[W]hile a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court, even

though the two cases have been consolidated for purposes of convenience and administration"); *Gaynor v. Miller*, No. 3:15-CV-545-TAV-CCS, 2019 WL 7899695, at *8 (E.D. Tenn. Dec. 6, 2019) ("Accordingly, while the Court has discretion to remand the [consolidated cases filed in state court], it may not remand the *Hull* case because the *Hull* plaintiffs filed in federal court."). As Civil Action No. 20-cv-00282 was originally filed in federal court, the Court cannot remand the state law claims made in that suit, and Plaintiffs' motion will be denied.

As for the consolidated case that was originally filed in state court, Civil Action No. 21-cv-00423, Plaintiffs' motion will also be denied. A plaintiff may move to remand an action for lack of subject matter jurisdiction at any point before a final judgment is entered. 28 U.S.C. § 1447(c). Under Federal Rule of Civil Procedure 58(c)(2)(B), a judgment is final when the court enters a judgment in a separate document in the civil docket or "150 days have run from the entry in the civil docket."

Here, the Court entered a final judgment in a separate document on January 12, 2022, (Doc. 126), which was affirmed by the U.S. Court of Appeals for the Fifth Circuit on March 13, 2023, (Doc. 132). Plaintiffs did not file a motion for remand until May 20, 2024, more than two years after the final judgment. Because Plaintiffs did not file a motion for remand before a final judgment was entered in this case, Plaintiffs' motion will be denied. *See Thompson v. Target Corp.*, 861 F. App'x 325, 327 (11th Cir. 2021) (affirming denial of motion to remand filed after entry of final judgment).

Accordingly,

3

**IT IS ORDERED** that the **Motion to Withdraw and Substitute Counsel (Doc. 135)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Sheri M. Morris and John Scott Thomas be and are hereby **WITHDRAWN** as counsel of record for Defendant Roger Corcoran.

**IT IS FURTHER ORDERED** that that the law firm of Borne, Wilkes & Rabalais, L.L.C., and Attorneys Joy C. Rabalais, Jordan John Henagan, Grant R. Schexnailder, K. Elizabeth Heinen, and Hunter B. Ahia be and are hereby **SUBSTITUTED** as counsel of record for Defendant Corcoran.

**IT IS FURTHER ORDERED** that Joy C. Rabalais be and is hereby **DESIGNATED** as lead counsel and trial attorney of record for Defendant Corcoran.

**IT IS FURTHER ORDERED** that the **Motion to Withdraw (Doc. 141)** be and is hereby **GRANTED**. Attorneys Matthew F. Block, Jack M. Weiss, Darnell Bludworth, and Christopher T. Chocheles be and are hereby **WITHDRAWN** as counsel of record for Defendant John Bel Edwards.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion to Remand (Doc. 134)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 24th day of June, 2024

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA